*ELECTRONICALLY FILED*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY<br>ONE PARK CIRCLE<br>WESTFIELD CENTER, OH 44251<br><br>**PLAINTIFF**<br><br>v.<br><br>SHAVONNE BASS<br>105 FENLEY AVENUE<br>APARTMENT Q3<br>LOUISVILLE, KY 40207<br><br>**DEFENDANT** | CIVIL ACTION NO.:   3:23CV-87-GNS<br><br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |

## COMPLAINT

Plaintiff, Westfield Insurance Company, by and through its undersigned counsel, hereby demands judgment against the Defendant, Shavonne Bass, and complains against her as follows:

### PARTIES

1. Westfield Insurance Company (hereinafter "Plaintiff" or "Westfield") is a commercial entity organized and existing under the laws of the State of Ohio, with a principal place of business located at One Park Circle, Westfield Center, OH 44251.

2. At all times relevant hereto, Westfield was duly authorized to engage in the business of (inter alia) property insurance in Kentucky.

3. At all times relevant hereto, Westfield provided property insurance, *inter alia,* to Village Manor Partners (hereinafter "Subrogor") in connection with their property

1

located at 105 Fenley Avenue, Louisville, KY (hereinafter the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

4. In the wake of the fire damage described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), Westfield became subrogated to certain recovery rights and interests of Subrogor for monies paid thereunder, including the claims giving rise to the within cause of action.

5. At all relevant times hereto, Shavonne Bass (hereinafter "Defendant") was, upon information and belief, a Kentucky citizen whose residence was Apartment Q3 at the subject property.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

9. On or about April 19, 2022, a fire occurred in Unit Q3 of the subject property and then spread to other parts of the subject property. The fire was caused by the Defendant burning sage in the bedroom of Unit Q3 and then leaving the lit sage unattended on a bed, which then quickly caught fire.

10. The damages sustained by Plaintiff are the direct and proximate result of the negligence and other liability producing conduct of Defendant as more full set forth below.

## COUNT I – NEGLIGENCE

11. Plaintiff incorporates by reference the above paragraphs as though the same were set forth at length herein.

12. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of Defendant, more specifically described as follows:

   (a) failing to exercise reasonable care in the performance of duties in the proper use and containment of open flames at the subject property, including, but not limited to, carelessly and negligently performing the following:

   (1) failing to competently and safely burn sage at the subject property in a safe and appropriate manner;

   (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, in the burning of sage in a safe and appropriate manner; and/or

13. As a direct and proximate result of the aforementioned actions and/or omissions of Defendant, Subrogor sustained and incurred damage to their real property; Plaintiff became subrogated to certain rights and interests of Subrogor as described herein, thereby giving rise to the claims asserted in this action.

**WHEREFORE**, Plaintiff demands trial by jury, judgment in its favor and against Defendant in an amount in excess of $75,000, plus interest, delay damages and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

STURGILL, TURNER, BARKER & MOLONEY, PLLC

BY:   */s/ Maureen C. Malles*
      Maureen C. Malles
      Jamie W. Dittert
      333 West Vine Street, Suite 1500
      Lexington, Kentucky 40507
      (859) 255-8581
      mmalles@sturgillturner.com
      jdittert@sturgillturner.com
      COUNSEL FOR PLAINTIFF,
      WESTFIELD INSURANCE COMPANY